| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Bayview Loan Servicing, LLC, a Delaware Limited<br>Liability Company | **Order Filed on June 24, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Maria Pinho,<br><br>Debtor. | Case No.:  20-13845 VFP<br>Adv. No.:<br>Hearing Date:  5/7/2020 @ 8:30 a.m.<br><br>Judge:  Vincent F. Papalia |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby
**ORDERED**

**DATED: June 24, 2020**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Page 2
Debtor:             Maria Pinho
Case No.:           20-13845 VFP
Caption:            **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO
                    DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor Bayview Loan Servicing, LLC, a Delaware Limited Liability Company, holder of a mortgage on real property located at 134 Orchard Street, Garfield, NJ, 07026, Denise Carlon appearing, by way of objection to the confirmation of Debtors' Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Simone Mulla, Esquire, attorney for Debtor, Maria Pinho, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** Secured Creditor's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtor's Chapter 13 Plan.

It **ORDERED, ADJUDGED and DECREED** The avoidance of Secured Creditor's second lien is contingent upon the Debtor's completion of the Chapter 13 plan and the Debtor's receipt of a Chapter 13 discharge.

It **ORDERED, ADJUDGED and DECREED** Secured Creditor shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

It **ORDERED, ADJUDGED and DECREED** In the event that the property is destroyed or damaged, pursuant to the mortgage, Secured Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

It **ORDERED, ADJUDGED and DECREED** In the event that any entity, including the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Creditor's lien prior to the Debtor's completion of the Chapter 13 plan, Secured Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

Page 3
Debtor:          Maria Pinho
Case No.:        20-13845 VFP
Caption:         **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

It **ORDERED, ADJUDGED and DECREED** Secured Creditor shall retain its lien for the full amount due under the subject loan should the subject property be sold, or should a refinance take place prior to the Chapter 13 plan completion and entry of a Discharge.

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.